Citation Nr: 1554512 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 10-42 046 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for sleep apnea.


ATTORNEY FOR THE BOARD

Russell Veldenz, Counsel


INTRODUCTION

The Veteran served on active duty from September 1967 to June 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision issued by the San Juan, the Commonwealth of Puerto Rico Department of Veterans Affairs (VA) Regional Office (RO).

In June 2015, the Board remanded the case to the RO for additional development. 
In November 2015, the Veteran argued that the RO made a clear and unmistakable error in a July 1969 rating decision denying service connection for a deviated nasal septum. 

The issue clear and unmistakable error in a July 1969 rating decision has been raised by the record in a November 2015 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In June 2015, the Board remanded the case to the RO directing a VA examination of the Veteran to determine if his current diagnosis, obstructive sleep apnea, was caused or aggravated by his service, to include the diagnosis of a deviated septum in service. 

The Veteran was provided a VA examination in September 2015 and the VA examiner concluded it was less likely than not the Veteran's obstructive sleep apnea was related to service, including as caused by a deviated septum. 

The Veteran has claimed several theories of causation. When he filed his claim, he attributed his obstructive sleep apnea to Agent Orange/herbicide exposure. His service treatment records indicate he served in Vietnam and therefore was exposed to herbicides. On his November 2009 notice of disagreement, he asserted that he suffered symptoms related to sleep apnea during service (including snoring and "choking" for air) but "by those times no one was aware of sleep [a]pnea and the symptoms." On the Report of Medical History completed at separation, the Veteran indicated that he had "ear, nose or throat" trouble; the specifics are not noted. 

Obstructive sleep apnea is not among those diseases presumed to be service connected if a Veteran was exposed to herbicides. See 38 C.F.R. § 3.309(e). However, even if a presumptive disability due to Agent Orange exposure is not present, see 38 C.F.R. §§ 3.307, 3.309, a claimant is not precluded from establishing service connection with proof of direct causation. Combee v. Brown, 34 F. 3d 1039, 1042 (Fed. Cir. 1994). Service connection may be granted for a disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The VA examiner did not provide an opinion whether the Veteran's obstructive sleep apnea is due to Agent Orange or other herbicide exposure or related to symptoms the Veteran reportedly experienced in service. A remand is required to obtain a medical opinion to address the Veteran's alternative theories. See Robinson v. Shinseki, 557 F.3d 1355, 1361 (Fed. Cir. 2009)).

Accordingly, the case is REMANDED for the following action:

1. Obtain all VA medical records of treatment of the Veteran at the VAMC and associated outpatient clinics from September 2010 to the present.

2. Arrange for the examiner who conducted the September 2015 examination, if available, prepare an addendum opinion, and if necessary, conduct a new examination. The claims file should be made available to the examiner in conjunction with the examination. All necessary testing should be conducted. The rationale for all opinions should be provided. 

The examiner is asked to determine whether it is at least as likely as not (50 percent probability) that obstructive sleep apnea had its onset during service or is causally and etiologically related to service, including, but not limited to, Agent Orange (herbicide) exposure, considering the evidence, accepted medical principles pertaining to the history, manifestation, clinical course, and the character of the disability found.

A complete rationale for any opinion offered should be provided.

3. After the development requested is completed, readjudicate the claim for service connection for sleep apnea. If any benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and a reasonable period to respond, and then return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).